IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEST VALLEY STAFFING GROUP, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-00797-MMC<br><br>**ORDER RE: PLAINTIFF'S OBJECTION TO STRIKING OF OPPOSITION**<br><br>Re: Dkt. No. 54 |

　　　　Before the Court is plaintiff William J. Whitsitt's ("Whitsitt") Objection, filed December 15, 2016, by which Whitsitt seeks reconsideration of the Court's order of November 23, 2016 ("November 23 Order"), wherein the Court struck Whitsitt's opposition to defendant Tesla Motors, Inc.'s ("Tesla") motion to dismiss, finding Whitsitt had failed to comply with the Civil Local Rules of this District as to page limits, spacing, and font size. (See Order, filed Nov. 23, 2016, at 1:16-24.)

　　　　In his Objection, Whitsitt argues that, as a pro se litigant, he is "not held to [p]rofessional pleading or other standards" (see Obj. at 2:1) and asks the Court to "[r]everse" its prior order (see id. at 1:18) and accept the previously stricken opposition. Such argument, however, fails for a number of reasons. First, Whitsitt sets forth no cognizable basis for reconsideration, which, under the Civil Local Rules, is limited to the discovery or emergence of "new material facts," a "change of law," or a failure by the Court to consider "material facts or dispositive legal arguments which were presented to the Court before" it ruled. See Civil L.R. 7-9(b). Second, Whitsitt's reliance on his pro se status is, in any event, unavailing. See, e.g., Green v. Cal. Court Apartments LLC, 321 F. App'x 589, 591 (9th Cir. 2009) (holding "district court did not abuse its discretion by

1  striking [pro se plaintiffs'] motion . . . because it exceeded the page limit established in
2  the local rules"); Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986) (holding "pro se
3  litigants in the ordinary civil case should not be treated more favorably than parties with
4  attorneys of record").  Lastly, in the interests of justice, the Court, in its November 23
5  Order, afforded Whitsitt an opportunity to file, no later than December 9, 2016, an
6  opposition complying with the Civil Local Rules.  Whitsitt's revised opposition was filed on
7  December 15, 2016, six days after such deadline, and again fails to comply with the Civil
8  Local Rules as to page limits, spacing, and font size.

9  Accordingly, Whitsitt's request for reconsideration is hereby DENIED.

10  In light thereof, Whitsitt seeks recusal of the undersigned, contending a decision
11  other than a ruling in his favor indicates a failure to "be neutral." (See Obj. at 3:23-24.)
12  Whitsitt's disagreement with the Court's prior order and/or concern that the undersigned
13  has been influenced by allegedly "false statements by [defense] counsel" (see Obj. at
14  3:26-27) are not, as a matter of law, sufficient grounds for recusal.  See Liteky v. United
15  States, 510 U.S. 540, 555 (1994) (holding "judicial rulings" and "opinions formed by the
16  judge on the basis of facts introduced or events occurring in the course of the current
17  proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality
18  motion," absent a showing of "deep-seated favoritism or antagonism"); United States v.
19  Sibla, 624 F.2d 864, 868 (9th Cir.1980) (holding recusal motion "is not legally sufficient
20  unless it specifically alleges facts that fairly support the contention that the judge exhibits
21  bias or prejudice directed toward a party that stems from an extrajudicial source")
22  (emphasis added).

23  Accordingly, Whitsitt's request for an order of recusal is hereby DENIED.

24  **IT IS SO ORDERED.**

26  Dated: March 1, 2017

MAXINE M. CHESNEY
United States District Judge

2