IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM J. WHITSITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEST VALLEY STAFFING GROUP, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-00797-MMC<br><br>**ORDER DENYING DEFENDANT TESLA MOTORS, INC.'S MOTION TO DISMISS; STRIKING UNTIMELY OPPOSITION**<br><br>Re: Dkt. Nos. 25, 53 |
|---|---|

Before the Court is defendant Tesla Motors, Inc.'s ("Tesla") motion, filed September 21, 2016, to dismiss plaintiff William J. Whitsitt's ("Whitsitt") complaint pursuant to Rules 8(a), 12(b)(6), 41(b), and 12(b)(3) of the Federal Rules of Civil Procedure. On December 15, 2016, Whitsitt filed an untimely opposition, as to which Tesla, in reply, moved to strike. Having read and considered the papers filed in support of the motion,[1] the Court rules as follows.[2]

1. At the outset, Tesla argues that Whitsitt's complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure because, according to Tesla, the complaint is "incomprehensible." (See Mot. at 7:10.) Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the claim is and

---

[1] On November 23, 2016, the Court struck Whitsitt's opposition for failure to comply with the Civil Local Rules of this District and afforded Whitsitt the opportunity to file a revised opposition. Whitsitt's revised opposition was filed almost a week late and again fails to comply with the Civil Local Rules as to page limits, spacing, and font size. See Civil L.R. 3-4(c)(2), 7-3(b). Accordingly, said filing is hereby STRICKEN.

[2] By order filed January 6, 2017, the Court took the matter under submission.

the grounds upon which it rests," see Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation, citation, and alteration omitted). Courts, however, "have an obligation where the [plaintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." See Bretz v. Kellman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). Although the Court agrees with Tesla that Whitsitt's complaint does not contain numbered paragraphs, repeats certain allegations and arguments, and includes some irrelevant arguments and references, the Court, construing the complaint liberally, finds that, overall, Whitsitt has sufficiently set forth "who is being sued, and on what theory, with enough detail to guide discovery." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.1996). In particular, Whitsitt has organized his complaint into numbered sections with clearly labeled and numbered causes of action and set forth the reasoning on which he relies in bringing his claims against the named defendants, all of which claims are based on age discrimination.

Accordingly, the complaint is not subject to dismissal under Rule 8(a).

2. Tesla next contends Whitsitt's complaint fails to comply with Rule 12(b)(6), for the asserted reason that it lacks "facts sufficient to allege the elements necessary to state a prima facie case of age discrimination." (See Mot. at 9:16-17.)[3] Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Here, the Court finds Whitsitt has alleged sufficient facts to plead a prima facie case of age discrimination. Specifically, Whitsitt has alleged that he is 61 years old (see Compl. at 1:26), that his interviewer stated that he was "more than qualified" (see id. at 1:28-2:1), that his "considerably younger best friend" with whom he had worked "at several jobs in

---

[3] Tesla does not seek dismissal of Whitsitt's "common law at-law claims" (see Compl. at 4:20) or "constitutional" claims (see id. at 16:21; 17:3), except to the extent such claims are based on age discrimination, nor does it seek dismissal of Whitsitt's claims of retaliation or infliction of emotional distress.

2

the past 3 years got the job" (see id. at 3:28-4:1), and that "[o]ut of 400 or so applicants interviewed and hired that day[,] there was only one other lady over the age of 50 or so and another man over the age of 45 or so" (see id. at 9:13-14); see also Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir. 1987) (holding plaintiff "makes out a prima facie case of [age] discrimination if he demonstrates that he was within the protected class of individuals between forty and seventy years of age," that he "applied for a position for which he was qualified," and that "a younger person with similar qualifications received the position"). In addition, Whitsitt alleges that "the oldest [applicants] had to wait until all the considerably younger w[e]re interviewed first" (see id. at 3:20) and that Whitsitt's interviewer asked him, "[a]t your AGE can you handle being flexible with having to work different shifts and do the job" (see id. at 3:23 (emphasis in original)).[4]

Accordingly, the complaint is not subject to dismissal under Rule 12(b)(6) for failure to state an age discrimination claim.

3. Next, Tesla argues that Whitsitt "qualifies for involuntary dismissal pursuant to [Rule] 41(b) for his ongoing failure to comply with court rules and court orders." (See Mot. at 12:3-5.) Rule 41(b) permits a defendant to move for involuntary dismissal of "the action or any claim against" such defendant if "the plaintiff fails to prosecute or comply with [federal] rules or a court order." Fed. R. Civ. P. 41(b). Tesla does not argue, however, that, in the instant action, Whitsitt has failed to prosecute or comply with any rule or court order; rather, Tesla makes reference only to proceedings in other actions. (See id. at 11:15-25) (stating Whitsitt has filed "more than seventy" cases, the "overwhelming majority" of which "have been dismissed against [Whitsitt] for failure to prosecute or pursuant to pre-trial motions," and that "several courts have rebuked and

---

[4] The Court does, however, agree with Tesla that Whitsitt's allegations as to the undisclosed thoughts of his interviewer cannot be used to support his claim. (See, e.g., Compl. at 3:22-23 (alleging Whitsitt's interviewer "gave [Whitsitt] the most bad look and face expression that [he has] ever experienced and it was like she said to [him] out loud: What are [you] doing here wasting my time you old over the hill dinosaur and why do[n't] you just go away and die").)

3

1  admonished [Whitsitt] for his bad faith filings").)  Tesla's characterization of those other

2  proceedings, whether or not accurate, is unavailing, as Rule 41, read as a whole, clearly

3  pertains only to the parties' litigation of the immediate action before the district court, not

4  to other cases.  See Fed. R. Civ. P. 41; see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260

5  (9th Cir. 1992) (noting "[d]istrict courts have the inherent power to control their dockets"

6  and "in the exercise of that power" may, under Rule 41, "impose sanctions," including

7  dismissal) (internal quotation, citation, and alteration omitted).[5]

8        Accordingly, the complaint is not subject to involuntarily dismissal under Rule

9  41(b).

10        4.  Tesla also argues Whitsitt's complaint is subject to dismissal "because venue

11  has not been properly pled as required by [Rule] 12(b)(3)" (see Mot. at 12:15-16), for the

12  asserted reason that "Whitsitt's [c]omplaint was filed [i]n the Northern District of

13  California" (see id. at 12:15) but contains an allegation that "venue is correct" because

14  Whitsitt resides in San Joaquin County, which is within the "territorial [j]urisdictional

15  boundaries of the Eastern District of California" (see Compl. at 2:18-20).  Contrary to

16  Tesla's argument, however, Whitsitt is "not required to plead venue at all in [his]

17  complaint," see Brackett v. Hilton Hotels Corp., 619 F.Supp.2d 810, 816 n.2 (N.D. Cal.

18  2008), and Rule 12(b)(3) "authorize[s] dismissal only when venue is 'wrong' or 'improper'

19  in the forum in which it was brought," see Atl. Marine Const. Co. v. U.S. Dist. Ct. W. Dist.

20  Texas, 134 S. Ct. 568, 577 (2013), which Tesla does not contend.

21        Accordingly, the complaint is not subject to dismissal for improper venue under

22  Rule 12(b)(3).

23        5.  Lastly, Tesla asks the Court to "revoke" Whitsitt's in forma pauperis status

24  "and/or to dismiss his case" (see Mot. at 14:26-27), pursuant to 28 U.S.C.

25  § 1915(e)(2)(B), for the asserted reason that the instant complaint and complaints filed by

---

[5] The Court makes no finding herein as to the relevance of a party's conduct in other cases, where such party, in the case before the Court, has failed to prosecute the action or to comply with a federal rule or court order.

4

Whitsitt in other cases have been "meritless, frivolous, and malicious." (See Mot. at 15:10-12).  The Court is not persuaded.  First, the Court notes, § 1915(e)(2)(B) only provides reasons for which "the court shall dismiss the case" and does not address revocation of in forma pauperis status.  See 28 U.S.C. § 1915(e)(2)(B).  Moreover, the Court, as set forth above, has not accepted Tesla's arguments as to the sufficiency of Whitsitt's complaint or the relevance of other cases he has brought.

Accordingly, Whitsitt's in forma pauperis status is not subject to revocation nor is the case subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 1, 2017

MAXINE M. CHESNEY
United States District Judge