IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

          Plaintiff,

    v.

WEST VALLEY STAFFING GROUP, et al.,

          Defendants.

Case No. 16-cv-00797-MMC

**ORDER OF DISMISSAL**

By order filed May 26, 2017, the Court granted defendant Tesla Motors, Inc.'s ("Tesla") motion for reconsideration of plaintiff William J. Whitsitt's ("Whitsitt") application to proceed in forma pauperis ("IFP") in the above-titled action. By said order, the Court denied Whitsitt's IFP application and instructed Whitsitt that, if he wished to proceed with the instant action, he was required to do one of two things, no later than June 9, 2017: (1) pay the filing fee to the Clerk of Court or (2) file a new IFP application that clarified the inconsistencies identified by the Court. The Court also warned Whitsitt that, should he fail to make such payment or submit such filing by June 9, 2017, the Court would dismiss his complaint.

To date, Whitsitt has neither paid the filing fee nor filed a new IFP application. In light thereof, the above-titled action is subject to dismissal.

Although, ordinarily, such dismissal would be without prejudice, there is, in this instance, an additional ground for dismissal, which dismissal is with prejudice. In particular, by order filed May 8, 2017, the Court directed Whitsitt to show cause, in writing and no later than May 22, 2017, why sanctions should not be imposed, including dismissal of the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for

his failure to appear as ordered at a case management conference on May 5, 2017, as well as his failure to file a joint case management statement in connection with that conference, likewise as ordered. On May 26, 2017, Whitsitt filed an untimely response, to which defendants Tesla and West Valley Staffing Group ("West Valley") have filed objections.

First, as West Valley points out, Whitsitt offered no explanation for his delay in responding. Second, and more importantly, the explanation he provides as to his failure to appear at the conference is not persuasive. In that regard, Whitsitt states he "assume[d]" the conference would be continued because, in his view, Tesla's motion to reconsider his IFP application constituted a jurisdictional challenge that needed to be resolved prior to the conference. (See Answer to Order to Show Cause, filed May 26, 2017, at 2:13-14.) Whitsitt offers no authority in support of such unilateral assumption, which, in any event, he made no effort to confirm with counsel for the opposing parties, let alone the Court. Indeed, it was clear that the conference would proceed on May 5, 2017, as scheduled. Prior to that date, counsel for both defendants made multiple attempts, both orally and in writing, to contact Whitsitt for the purpose of drafting the required joint case management statement, neither of whom received a response.

Moreover, as noted by both Tesla and West Valley, this is not the first time Whitsitt has failed to comply with court orders. In particular, Whitsitt failed to appear as ordered at an earlier case management conference and to file in connection therewith a joint case management statement,[1] failed to comply with an order directing him to provide a chambers copy of his complaint, failed to respond to several notices directing him to state whether he did or did not consent to the jurisdiction of the magistrate judge to whom the

_____

[1] The earlier failure to appear was followed by an order to show cause and subsequent dismissal when Whitsitt failed to timely respond. Whitsitt then filed an untimely response, after which the Court, despite deficiencies in "the chronology of events assertedly affecting [Whitsitt's] ability to comply with the Court's orders," accepted Whitsitt's explanation and set aside the dismissal. (See Order, filed April 4, 2017, at 1:23-24.) In light of the Court's findings herein, Tesla's pending motion for reconsideration of that order is hereby DENIED as moot.

matter initially was assigned, repeatedly failed to follow the Court's directives to submit his filings in a form complying with the Civil Local Rules of this District, and repeatedly failed to file documents in a timely manner.

The sum of Whitsitt's numerous failures to proceed in accordance with the Court's orders and, indeed, to proceed at all, warrants dismissal under Rule 41(b).

Accordingly, for all of the reasons set forth above, the above-titled action is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: June 14, 2017

MAXINE M. CHESNEY
United States District Judge